IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:03CR155 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JERRY L. NUTILE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came on for hearing pursuant to the defendant's Motion for Clarification of Sentence, Filing No. 40.  Present were counsel for the defendant Michael D. Nelson and counsel for the government Assistant United States Attorney Frederick D. Franklin. Evidence was received and the court heard argument by both counsel.  The defendant's request that the court amend the Judgment and Commitment Order in this case is denied.

I.   Background

On July 3, 2003, the defendant entered a plea of guilty to count I of the indictment which charged the defendant with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). On September 24, 2003, this court[1] sentenced the defendant to 57 months of imprisonment to be followed by three years of supervised release.  The court made the following recommendations to the United States Bureau of Prisons (BOP):

1. That the defendant participate in the 500-hour Comprehensive Drug Treatment Program or any similar drug treatment program available.

---

[1] This case was originally assigned to Judge Thomas M. Shanahan and was reassigned to this court after initial sentencing.

    2. That the defendant be incarcerated in a federal facility as close to Omaha as is possible to be near his family.

    3. Defendant shall be given credit for time served.

See Filing No. 36.

    Subsequent to federal sentencing, the defendant was found guilty of five felony counts filed under two separate informations.  The defendant was sentenced for all the offenses by Douglas County District Court Judge Gary B. Randall on July 29, 2004.  The state court sentenced the defendant to a period of 36 to 48 months imprisonment on count I and 7-10 years on counts IV, VII, VIII all to run concurrently.  The defendant was also given credit for 531 days served (presumably accounting for pretrial custody pending the outcome of both the federal and state charges).  His sentence was ordered "to run consecutive to [his sentence in] 159 Page 042 and Defendant's Federal sentence @ 8:03CR155."   See Douglas County Court Judgment and Sentence Order, Doc. 159 Page 317 (Ex. 1).  On the same day the state court sentenced the defendant to 20 to 40 months for conviction for Accessory to a Felony at Doc. 159 Page 042.  In an apparent attempt to make it's intention clear the state court ordered that this second sentence "is to run consecutive to Doc. 159 Page 317, and Defendant's Federal sentence @ 8:03CR155." See Douglas County Court Judgment and Sentence Order, Doc. 159 Page 042. (Ex. 1). The defendant claims that the state court's judgment ordering that the defendant serve his state sentence consecutively to his federal sentence and this court's recommendation to the BOP, that the defendant be given "credit for time served," have caused ambiguity regarding his future discharge date.  Moreover, the defendant has requested that this court amend defendant's original Judgment and Commitment Order to reflect that his federal sentence

run concurrently with his state sentence.

### II. Sentencing

When this court originally sentenced the defendant to 57 months in prison, the defendant did not request that the court impose defendant's federal sentence concurrently with his prospective, not-yet imposed, state sentence. Further, the defendant did not alert the court regarding his prospective state charges, and it is not the court's duty to speculate or unilaterally affect arguably-related matters pending in neighboring jurisdictions. Although the defendant did not make a request at sentencing that his federal sentence run concurrently with his prospective state sentence, this court acknowledges that the Eighth Circuit provides district courts with the authority to impose a federal sentence concurrently or consecutively to a not-yet imposed state sentence. See United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001).

This court clearly has the authority to impose a federal sentence concurrently with a not-yet imposed state sentence **at the time of sentencing**, however, now that the state court judgment has been imposed, defendant requests that this court amend its original Judgment and Commitment Order. The defendant has not provided any case law or legal authority to support his proposition.

Based on the evidence and argument, the court finds that the sentence imposed by Judge Shanahan on September 24, 2003 was probably thought to begin the day it was imposed and would run concurrent with any sentence to be imposed for pending charges in the District Court of Douglas County, Nebraska. However, the defendant appeared before this court for sentencing pursuant to a writ of habeas corpus ad prosequendum. As a result, the defendant was not in federal custody and cannot receive credit for his sentence

until released from state custody. Had Judge Randall sentenced the defendant without specifically ordering the state sentence to run consecutive to the instant sentence, the court would be inclined to designate the Nebraska Penal and Correctional Complex as the place for serving the federal sentence. Such an order would effectively give the defendant a sentence concurrent to his state sentence. As it is, the defendant will not serve his federal sentence until he completes his state sentence. This requires the state and federal sentences to be served consecutively, although not in the order apparently contemplated by Douglas County District Judge Randall.

This court is not inclined to effectively overrule a subsequently imposed sentence. The court presumes that a judge who last sentences a defendant has the most complete account of the defendant and can best fashion an appropriate sentence. Accordingly, this court will give full credit to the sentence imposed by the Douglas County District Court and will not modify its previous Judgment and Commitment Order dated October 9, 2003, Filing No. 36.

IT IS, THEREFORE, ORDERED that the defendant's Motion for Clarification of Sentence, Filing No. 40, is denied.

DATED this 29th day of August, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge