IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:03CR155 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JERRY L. NUTILE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255) (Filing No. 48), and defendants's motion for default (Filing No. 61).

Defendant pleaded guilty to Count I of the Indictment charging him with being a Felon in Possession of Ammunition in violation of 18 U.S.C. § 922 (g)(1), and the court sentenced him to 57 months in the custody of the Bureau of Prisons followed by three years of supervised release. Defendant did not file a direct appeal challenging his conviction or sentence.

The claims raised in the defendant's § 2255 motion are barred by the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As amended by the AEDPA, 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Absent a later triggering date under subsections (2) - (4) above, the one-year period for filing a §2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review.  Because neither party filed a direct appeal, the defendant's judgment and conviction became final on or about November 9, 2003, when the time for filing a notice of appeal expired.  One year later the statute of limitations expired on or about November 9, 2004.  The defendant did not file his § 2255 motion until April 10, 2006, well after the expiration of the statute of limitations.  Furthermore, the defendant has not set forth any arguments supporting invocation of the equitable tolling doctrine, even if the doctrine were found to apply in the § 2255 context.  *United States v. Bell,* 2003 WL 21523470, at **1 (8th Cir. July 2, 2003), *cert. denied,* 540 U.S. 1202 (2004).

IT IS ORDERED:

1.   The defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 48) is denied.

2.  Defendant's motion for default (Filing No. 61) is denied as moot;

2.   A separate Judgment will be issued.

3.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 7th day of February, 2007.

                         BY THE COURT:

                         s/Joseph F. Bataillon
                         Chief United States District Judge